UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

URBAN AIR INITIATIVE, INC., Plaintiff,  )
                                        )
      v.                                )    Civil Action No.: 15-1333 (ABJ)
                                        )
ENVIRONMENTAL PROTECTION                )
AGENCY, Defendant.                      )

**DEFENDANT'S MOTION FOR "CLAW BACK"
OF INADVERTENTLY DISCLOSED PRIVILEGED E-MAIL CHAIN**

In this Freedom of Information Act (FOIA) case, while producing two documents to Plaintiffs, the undersigned counsel inadvertently forwarded an e-mail chain with Defendant Environmental Protection Agency (EPA) dated April 19, 2017.  *See* John C. Truong Declaration ("Truong Decl.") (providing background facts leading up to this filing).   The April 19 e-mail chain contains attorney-client communications between AUSA Truong and the EPA (client),[1] and his "mental impression" of the litigation of this case.  *See* Gov. Ex. 1 (inadvertently produced e-mail) (filed under seal).  Only three business days had passed when AUSA Truong discovered the inadvertent disclosure and immediately sought to "claw back" the privileged e-mail.  Gov. Ex. 2.  Plaintiffs refused to discard the privileged e-mail chain but agreed to "sequester" it until judicial determination. *Id*.  As explained below, it cannot be disputed that the inadvertently disclosed April 19 e-mail chain is privileged. More importantly, Defendant has met all three factors of Fed. R. Civ. 502(b) and, thus, has not waived any privilege even though the April e-mail chain was inadvertently disclosed.

**ARGUMENT**

    **I.**    **The April 19 e-mail chain is a privileged document.**

---

[1]    In the FOIA context, the agency is the "client" and the agency's lawyers are the "attorneys" for the purposes of attorney-client privilege. *Sea Shepherd Conservation Soc'y v. Internal Revenue Serv.*, 89 F. Supp. 3d 81, 103 (D.D.C. 2015) (Amy Burman Jackson, J.)

The April 19 e-mail chain contains both privileged attorney-client communication and attorney work product.[2] In addition to protecting the agency's deliberative process privilege, FOIA Exemption (b)(5) encompasses the protections traditionally afforded certain documents pursuant to evidentiary privileges in the civil discovery context, including (1) the attorney-client privilege and (2) the attorney work product privilege. *Parker v. U.S. Dep't of Justice*, 78 F. Supp. 3d 238, 244 (D.D.C. 2015) (Amy Burman Jackson, J.).  The attorney-client privilege protects confidential communications from a client (the agency) to its attorney made for the purpose of securing legal advice or services as well as communications from the attorney to her client that stem from confidential information obtained from the client. *Parker*, 78 F. Supp. 3d at 244 (D.D.C. 2015).[3] Furthermore, the attorney work product privilege protects materials that reflect the "mental processes of the attorney" prepared in anticipation of litigation. *Parker*, 78 F. Supp. 3d at 244. When considering whether a document is prepared in anticipation of litigation, the D.C. Circuit employs a "'because of' test, inquiring 'whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" *F.T.C. v. Boehringer Ingelheim Pharm.*, 779 F.3d 142, 149 (D.C. Cir. 2015).

Here, the April 19 e-mail from Ms. Joan Kaminer (EPA Attorney-Advisor) falls within the purview of the attorney client communication privilege because, in response to AUSA Truong's inquiries, she described (1) how the EPA failed to include two documents in its document production

---

[2]      Because the April 19 e-mail chain was inadvertently produced during the course of providing documents in response to Plaintiffs' FOIA request, it is entirely appropriate for the Court to apply FOIA Exemption 5 to determine whether the disputed e-mail chain is a privileged document.  *See Ecological Rights Found. v. Fed. Emergency Mgmt. Agency*, No. 15-CV-04068-DMR, 2017 WL 24859, at *2 (N.D. Cal. Jan. 3, 2017) (citing cases)

[3]      *See also Rojas–Vega v. USCIS.*, 132 F. Supp. 3d 11, 17 (D.D.C. 2015) (Amy Burman Jackson, J.) (observing same); *Orlansky v. Dep't of Justice*, No. CV 15-0649 (ABJ), 2016 WL 900631, at *3 (D.D.C. Mar. 9, 2016) (Amy Burman Jackson, J.) (same); *Sea Shepherd*, 89 F. Supp. 3d at 103.

to Plaintiffs; (2) the agency processes in collecting unpaid fees; and (3) the next step that the EPA wished to take. Gov. Ex. 1 (under seal). *See also* Truong Decl.¶ 23(a)-(f). Likewise, AUSA Truong's response to Ms. Kaminer, suggesting a specific course of action, constitutes "mental processes of the attorney." Gov. Ex. 1. Therefore, the entire April 19 e-mail chain is protected under both the attorney-client communication privilege and the attorney work product doctrine.

## II. Defendant satisfies all three prongs of Fed. R. Evid. 502(b)

Given that the April 19 e-mail is a privileged document, the Court next must determine whether Defendant waived any privilege when it inadvertently disclosed that e-mail to Plaintiffs. Defendant submits that the Court should apply the three-prong test set forth in Fed. R. Evid. 502(b). *See Ecological Rights,* 2017 WL 24859, at *7 (applying Rule 502(b) in a FOIA case where the agency inadvertently produced privileged e-mail chain).[4]

### (a) The disclosure was inadvertent[5]

There must be an inadvertent disclosure to meet Rule 502(b)(1). Here, there cannot be any dispute that the May 25 e-mail to Plaintiffs' counsel inadvertently included the privileged April 19 e-

---

[4] Defendant merely cites to *Ecological Rights*, *supra*, for the legal principle that Fed. R. Evid. 502(b) applies to inadvertently disclosed privileged e-mail in a FOIA context. Otherwise, *Ecological Rights* is factually inapposite as the court in that case found that the agency is "silent" as to what reasonable precautionary measures it took to prevent inadvertent disclosure of privileged materials. *Id.* at *7. Unlike that case, here Defendant sets forth in details how documents are produced in response to FOIA requests and that it is exceptionally rare that AUSA Truong would forward responsive documents to a FOIA request, and he would not normally forward any e-mail from an agency client to his opposing counsel.

[5] The Court's June 6 Minute Order mentions that the parties' dispute "may also implicate ethical rules." In this connection, Defendant notes that Rule 4.4(b) of the D.C. Rules of Professional Conduct states, "A lawyer who receives a writing relating to the representation of a client and knows, before examining the writing, that it has been inadvertently sent, shall not examine the writing, but shall notify the sending party and abide by the instructions of the sending party regarding the return or destruction of the writing." *See* https://www.dcbar.org/bar-resources/legal-ethics/amended-rules/rule4-04.cfm (last visit June 8, 2017)

mail chain.  There was no conscious effort to send the privileged e-mail chain to counsel.  *See* Truong Decl. ¶25-27.  This is the only time that such an inadvertent disclosure has taken place in this case.

### (b)     Precautionary measures taken to prevent inadvertent disclosure

Defendant meets Rule 502(b)(2), which requires a showing that Defendant took reasonable steps to prevent inadvertent disclosure.  Here, AUSA Truong's declaration sets forth details on how he facilitated document productions in FOIA cases as to avoid inadvertently producing exempt or privileged documents to counsel for FOIA plaintiffs.  *See* Truong Decl. ¶ 5-22.  Relevant to this case, the EPA itself produced non-exempt, responsive documents to Plaintiffs. Truong Decl. ¶ 21-23. The EPA itself was responsible for at least ten of those productions and AUSA Truong produced the latest one.  *Id.* 21-22.  It was this last production that inadvertently included the privilege April 19 e-mail chain. Truong Decl. 23. [6]  When producing the documents AUSA Truong took care to delete a draft transmittal letter that was attached to the e- mail chain; however, he inadvertently neglected to delete the content of the e-mail chain before forwarding it to Plaintiffs.  Truong Decl. ¶ 23(a)-(m). The facts show that Defendant took reasonable precaution to avoid disclosing privileged materials to Plaintiffs.

### (c)     Only three business days had passed when Defendant sought to "claw back" the April 19 e-mail chain

Under Rule 502(b)(3), the party claiming privilege must show that it promptly took reasonable steps to rectify the inadvertent disclosure once discovered. In evaluating what constitutes prompt steps, courts consider the number of days between the time of the inadvertent disclosure and when the privilege holder sought to rectify the situation.  Courts that have considered this issue have opined that nine business days or two-years and eight months were too long.  *See Williams v. D.C.*, 806 F.

---

[6]     "As the D.C. Legal Ethics Committee noted in Opinion 256, this problem is 'an unfortunate (but not uncommon) consequence of an increasingly electronic world, as when a facsimile or electronic mail transmission is mistakenly made to an unintended recipient.'"  *See comment* Rule 4.4(b) of the D.C. Rules of Professional Conduction.  *See also* D.C. Ethics Opinion 256 (Gov. Ex. 3).

Supp. 2d 44, 52 (D.D.C. 2011) (determining that the District did not take prompt reasonable steps because it waited approximately two years and eight months to seek judicial relief); *see also Ecological Rights*, 2017 WL 24859, at *7 (noting that defendant waited nine business days before reaching out to plaintiff).

Unlike those cases where the privilege holder took too long to seek to a "claw back," in this case only three business days had elapsed when AUSA Truong asked Plaintiffs to discard the inadvertently produced e-mail chain. *See* Gov. Ex. 2. The e-mail chain was inadvertently sent to Plaintiffs on Thursday May 25, 2017. *See* Gov. Ex. 1 (under seal). AUSA Truong reached out to Plaintiff on June 1 to ask for a "claw back," immediately upon discovering the inadvertent disclosure. *See* Gov. Ex. 2. Given the intervening weekend (May 27-28) and Memorial Day (May 29), only three business days had passed when Defendant asked Plaintiff to destroy the privileged e-mail chain. *Id.*; *see* Truong Decl. ¶28-34 (explaining the steps taken to rectify the inadvertent disclosure). The facts in the Truong Declaration show that Defendant was not dilatory and in fact acted with relative speed to "claw back" the privileged e-mail. Furthermore, the steps taken were reasonable in light of Plaintiff's refusal to destroy the privileged e-mail, as requested. Accordingly, Defendant satisfies the promptness factor under Fed. R. Evid. 502(b)(3).

## CONCLUSION

For the foregoing reason, the Court should grant Defendant's motion to "claw back" the April 19 e-mail by ordering Plaintiffs to (i) discard all copies of the April 19 e-mail (either in electronic or hardcopy format) or return all copies of same to Defendant; and (ii) make no use of the information in the April 29 e-mail chain in this proceeding or otherwise. The Court should further order Plaintiffs to certify that Plaintiffs have complied with the Court's "claw back" order.

        Respectfully submitted,

        CHANNING D. PHILLIPS
        D.C. BAR #415793
        United States Attorney

        DANIEL F. VAN HORN
        D.C. BAR # 924092
        Chief, Civil Division

By:    _____//s_____
        JOHN C. TRUONG
        D.C. BAR #465901
        Assistant United States Attorney
        555 4th Street, N.W.
        Washington, D.C. 20530
        Tel: (202) 252-2524
        Fax: (202) 252-2599
        E-mail: John.Truong@usdoj.gov
        Counsel for Defendant

Dated: June 9, 2017

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| URBAN AIR INITIATIVE, INC., Plaintiff, ) | |
| ) | |
| v.   ) | Civil Action No.: 15-1333 (ABJ) |
| ) | |
| ENVIRONMENTAL PROTECTION   ) | |
| AGENCY, Defendant.   ) | |

**[PROPOSED] ORDER**

Upon consideration of the parties' submissions pursuant to the Court's June 6, 2017 Minute Order and the entire record herein, it is this _____ day of June, 2017;

**ORDERED** that Defendant's Motion for "Claw Back" of Inadvertently Disclosed Privileged E-mail Chain be and is here **GRANTED**;

**IT IS ORDERED** that Plaintiffs immediately (i) discard all copies of the April 19 e-mail (either in electronic or hardcopy format) or return all copies of same to Defendant; and (ii) make no use of the information in the April 29 e-mail chain in this proceeding or otherwise;

**AND IT IS FURTHER ORDERED** that Plaintiffs shall certify that Plaintiffs have complied with the Court's order.

_____
United States District Judge