UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| URBAN AIR INITIATIVE, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 15-1333 (ABJ) |
| ENVIRONMENTAL PROTECTION AGENCY, | ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Defendant's Motion for "Claw Back" of Inadvertently Disclosed Privileged E-Mail Chain [Dkt. # 38] ("Def.'s Mot.") will be GRANTED.

The disclosure of documents covered by the attorney-client and attorney work-product privileges does not constitute a waiver of those privileges if: 1) the disclosure was inadvertent; 2) the holder of the privilege took reasonable steps to prevent the disclosure; and 3) the holder of the privilege took prompt steps to rectify the error. Fed. R. Evid. 502(b). In this case, there is no dispute that the April 19, 2017 emails in question are privileged or that they were inadvertently disclosed. *See* Plaintiffs' Opp. to Def.'s Mot. [Dkt. # 39] ("Pls.' Opp."). The parties differ over whether defendant took reasonable precautions to prevent the disclosure and whether defendant took prompt steps to rectify the error. *Id.* at 2–4; Def.'s Mot. at 4–5.

Although plaintiffs contend that defendant could have taken additional steps to prevent disclosure, such as utilizing a privileged or confidential stamp on its emails, Pls.' Opp. at 3–4, there is no requirement that a party must utilize every possible method to protect against inadvertent disclosure. Defendant must simply have taken reasonable steps, and here, defendant

has outlined those steps in a affidavit. Decl. of John C. Truong, Ex. 1 to Def.'s Mot. [Dkt. # 38-1] ("Truong Decl.") ¶¶ 7–20. The defendant's description of its methods for protecting against inadvertent disclosures is more detailed and substantiated than the submissions found to be insufficient in other cases. *See*, *e.g.*, *Williams v. District of Columbia*, 806 F. Supp. 2d 44, 49 (D.D.C. 2011) (relying on the "unsworn averments of [] counsel, who is almost certain to lack personal knowledge of the circumstances that surrounded the [defendant's] review and production of the communication at issue" was insufficient); *Amobi v. D.C. Dep't of Corr.*, 262 F.R.D. 45, 54 (D.D.C. 2009) (concluding defendants did not meet their burden because they did "not provide the court with any indication of the methodology used to review documents for privilege").

Moreover, the reasonableness of the precautions taken is just one factor the Court may consider. Fed. R. Evid. 502(b), Advisory Comm. Notes at Subdivision (b). The Court may also consider the minimal extent of the disclosure and the overall issue of fairness. *Id.* The disclosure here consists of just two emails that have been sequestered by plaintiffs and have not been used in this litigation. Moreover, the emails themselves bare no relation to the FOIA request or the underlying litigation, and plaintiffs have made no showing that they need them for any reason. Thus, requiring plaintiffs to return the April 19, 2017 emails that were inadvertently disclosed would be neither unfair nor unrealistic. *See In re Grand Jury Investigation of Ocean Transp.*, 604 F.2d 672, 675 (D.C. Cir. 1979) ("[I]t would be unfair and unrealistic now to permit the privilege's assertion as to th[is] document [ ] which ha[s] been thoroughly examined and used by the Government for several years" because "the disclosure cannot be cured simply by a return of the document[ ]").

Finally, Rule 502(b)(3) requires the producing party to show it took prompt steps to rectify the error "once discovered." *Williams*, 806 F. Supp. at 51. Defendant discovered the inadvertent

disclosure on June 1, 2017, and on that same day, it "promptly" called and emailed plaintiffs' counsel to seek the return of the privileged emails. Truong Decl. ¶¶ 28–32.  The Court is satisfied that defendant has carried its burden under Rule 502(b), and so the April 19, 2017 emails remain privileged.

It is hereby **ORDERED** that plaintiffs take the following steps:  (1) destroy all copies of the inadvertently disclosed privileged documents, (2) make no use of the information contained in the April 19, 2017 email chain in this proceeding or otherwise, and (3) certify to the Court by July 5, 2017 that they have complied with this order.

**SO ORDERED**.

/s/ Amy B Jackson

AMY BERMAN JACKSON
United States District Judge

DATE:  June 23, 2017